■ IMPARATO STEVEDORING CORP., Respondent-Appellant, v. LLOYD'S UNDERWRITERS et al., Appellants-Respondents.— Order, entered November 23, 1966, unanimously modified, on the law, to grant motion of defendants for summary judgment and order otherwise affirmed, with $50 costs and disburse-

ments to defendants; and complaint dismissed, with costs. A condition of the excess public liability policies of insurance, issued by defendants, was that the "Assured upon knowledge of any accident or occurrence likely to give rise to a claim hereunder shall give immediate written advice thereof" to defendants' named agent; and, as a matter of law, there was a failure on plaintiff's part to comply with this condition. The plaintiff's alleged cause of action upon the policies arises out of serious injuries sustained by Sergio De Gioia in an accident occurring on January 31, 1958. De Gioia brought suit against United States Lines Company to recover $250,000 for his injuries, and said company impleaded the plaintiff here and another, serving upon plaintiff on October 8, 1959 a third-party complaint charging it with negligence and seeking a recovery over as against it. On June 8, 1961, De Gioia recovered judgment of $80,000 against United States Lines Company, and on said day judgment in that amount was entered against the plaintiff and its co-third-party defendant on the third-party complaint. The plaintiff, in October, 1959, had given notice of the accident to its primary insurer whose coverage was limited to $10,000 but it did not notify the defenadants of the accident or the third-party suit until July, 1961, about one month after judgment was recovered against plaintiff; and thereupon, the defendants disclaimed liability for failure of timely notification of the claim. Plaintiff, on the service of the third-party complaint on October 8, 1959, acquired knowledge of a claim against it and of the alleged seriousness of De Gioia's injuries. Then it knew or should have known of the possibility of exposure in excess of the primary coverage of $10,000. The likelihood that the subject accident would give rise to a claim under defendants' policies was then apparent or readily ascertainable by plaintiff with the exercise of due diligence. Under these circumstances, the delay of about 20 months (three and one-half years after the accident) in giving notice to the defendant insurers was unreasonable as a matter of law. (Cf. *Greyhound Corp.* v. *Excess Ins. Co. of Amer.*, 233 F. 2d 630; *Peerless Ins. Co.* v. *Nationwide Ins. Co.*, 12 A D 2d 602; *Hurlburt* v. *Liberty Mut. Ins. Co.*, 26 A D 2d 600; *General Acc. Fire & Life Assur. Corp.* v. *Bongiorno*, 6 A D 2d 896, affd. 8 N Y 2d 762.) The fact that the primary insurer duly attended to the defense of the third-party action against plaintiff constitutes no excuse for plaintiff's failure to comply with the condition of the policies as to notice. (See *Greyhound Corp.* v. *Excess Ins. Co. of Amer.*, *supra.*) Concur — Botein, P. J., Eager, Capozzoli, Tilzer and McNally, JJ.