■ D. C. G. Trucking Corp., Respondent, v Zurich Insurance Company, Defendant and Third-Party Plaintiff-Appellant. Ed Ryan & Sons Incorporated, Third-Party Defendant-Respondent. — Appeal (1) from an order of the Supreme Court at Special Term, entered September 12, 1980 in Schenectady County, which granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment against the third-party defendant, and (2) from the judgment entered thereon. Prior to August 7, 1974, plaintiff, through its president, consulted its insurance agent, Charles W. Merriam & Sons, Inc. (Merriam), to secure liability coverage for its motor fleet. Merriam contacted Ed Ryan & Sons, Inc. (Ryan). The latter obtained

both a primary liability policy with $100,000/$300,000 limits from the Continental Casualty Company (Continental) and an umbrella policy from defendant Zurich Insurance Company (Zurich). After one of plaintiff's vehicles was involved in an accident and suit commenced, defendant disclaimed coverage on the ground of lack of notice. The action against plaintiff resulted in a verdict of $200,000. The instant action is one seeking, among other things, a declaration that defendant's disclaimer was wrongful and that defendant was obligated to defend and indemnify plaintiff in the personal injury action. Special Term granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment against third-party defendant Ryan. This appeal ensued. Defendant justifies its disclaimer and urges reversal based, *inter alia*, on a breach of section 8 (par 3, cl [a]) of the umbrella policy which reads, insofar as herein pertinent, as follows: "3. Insured's Duties in the Event of Occurrence, Claim or Suit. (a) In the event of an occurrence which may reasonably be expected to involve this policy, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable." There is no factual dispute. The record demonstrates that Ryan was the duly authorized agent of both insurance companies and could receive notice of an occurrence or accident on behalf of the insurers in question; that Ryan received from plaintiff an accident report concerning the accident in question; that the report stated the name of the insured, the date, time and place of the accident, together with the name of the injured party; that Ryan notified Continental of the accident but did not notify defendant Zurich; that initially the summonses were forwarded by Ryan to Continental but not Zurich; and that Ryan did not notify defendant Zurich of the excess claim until June, 1979, almost five years after the time it received notice of the accident. A resolution of the litigation narrows to whether, on this record, the notice to Ryan constituted sufficient notice to defendant Zurich to preclude a disclaimer. While no particular form of proof of loss is required, it must be adequate to enable an insurer to consider its rights and liabilities (14 Couch, Cyclopedia of Insurance Law 2d, § 49:390). Furthermore, the notice requirement must be liberally construed in favor of the insured *(Wachtel v Equitable Life Assur. Soc.,* 266 NY 345). It is most significant that Ryan was the agent of both insurance companies and authorized to receive notice. Consequently, in light of the above principles of law, we are of the view that on this record the information received by Ryan was notice to defendant Zurich and constituted a compliance with the terms of the policy. Defendant's reliance on *Imparato Stevedoring Corp. v Lloyd's Underwriters* (27 AD2d 827) is misplaced since in that case, unlike the instant one, the primary and excess insurers were represented by different agents. We are also of the view that plaintiff complied with the terms of the policy requiring the forwarding to defendant of "every demand, notice, summons or other process received by him or his representative." This is so, in our view, even though plaintiff forwarded only the two summonses and no further suit papers. Finally, the court properly determined that plaintiff was entitled to be compensated for legal expenses arising from the personal injury action *(Broquedis v Employers Mut. Liab. Ins. Co. of Wisconsin,* 45 AD2d 591). Passing to the cross motion, Special Term properly denied the motion since there existed triable issues of fact as to causation. The order and judgment should be affirmed. Order and judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.