■ In the Matter of the Liquidation of HORIZON INSURANCE COMPANY. JOANNE WALSH, Appellant, v STEPHEN DOODY, as Superintendent of Insurance, Respondent. [625 NYS2d 200]

—Judgment, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on or about December 30, 1993, which denied the claimant's motion to disaffirm the report of the Referee disallowing her claim for Security Fund coverage, and granted the respondent's motion to confirm said report, unanimously affirmed, with costs.

The trial court properly accepted the Referee's conclusion that the claimant's notice of her claim to Ambassador Insurance Co. was not effective as against Horizon Insurance Co. While the record shows that the two companies were related, they were in fact separate entities and there is no evidence that Ambassador Insurance Co. ever acted as a duly authorized agent of Horizon Insurance Co. *(see, D.C.G. Trucking Corp. v Zurich Ins. Co.,* 81 AD2d 990, 991, *lv denied* 54 NY2d 605). Consequently, the Superintendent as liquidator of Horizon Insurance Co. could not have received timely notice and properly disclaimed coverage. Moreover, the Referee properly concluded that the claim against Horizon Insurance Co. assigned to Ms. Walsh by Brookhaven Hospital was actually a claim for contribution and not indemnification. It was therefore barred by General Obligations Law § 15-108 (c) *(see, Glaser v Fortunoff of Westbury Corp.,* 71 NY2d 643, 645-647). Having concluded that the Referee reached the proper result based upon these two issues we decline to reach the other arguments raised by the claimant-appellant. Concur—Sullivan, J. P., Rosenberger, Ellerin, Ross and Williams, JJ.