■ RICHARD WENDER, Appellant, v GILBERG AGENCY, INC., et al., Respondents. [757 NYS2d 286] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered August 26, 2002, dismissing the complaint, and bringing up for review an order, same court and Justice, entered August 12, 2002, which, in an action against an insurance agency and an insurance agent for fraud in the procurement of a policy of disability insurance for plaintiff, inter alia, granted defendants' motions for summary judgment, unanimously affirmed, with costs.

Plaintiff claims that he relied on the agent's advice in purchasing one disability policy and surrendering another; that he would not have relied on such advice to the extent that he did had the agent revealed that his contract with the agency contained an "exclusive dealing" clause prohibiting him from doing business for any carrier other than the one whose policy he recommended and plaintiff selected; and that plaintiff sustained a loss because the "specialty" provision of the policy he surrendered was better suited to his needs than the specialty provision of the policy he selected. As the motion court held, plaintiff has no cause of action for fraud based on the agent's concealment of the exclusivity clause and plaintiff's alleged resulting reliance on the agent's advice because the record establishes only a standard consumer-insurance agent

relationship, albeit over an extended period of time, in which the agent's only duty was to obtain the policy requested by plaintiff within a reasonable period of time or inform plaintiff that he could not do so (*see Murphy v Kuhn*, 90 NY2d 266, 270-271 [1997]). Absent a "special relationship" of trust and confidence, the agent was under no duty to disclose to plaintiff his contractual commitments, and plaintiff could not justifiably rely on any advice given by the agent guiding him to a particular policy (*see id.*; *Busker on the Roof Ltd. Partnership Co. v Warrington*, 283 AD2d 376, 377 [2001]). In view of the foregoing, it is not necessary to consider other grounds for dismissal. We note, however, as did the motion court, that plaintiff had many opportunities to obtain information from other sources concerning the relative merits of the disability policies he was considering, and actually received such information, including, in particular, letters from the carriers explaining the specialty provision of their respective policies. Concur—Tom, J.P., Mazzarelli, Andrias, Rosenberger and Williams, JJ.