■ THE PEOPLE OF THE STATE OF NEW YORK, by Andrew M. Cuomo, Attorney General of the State of New York, Respondent, v LIBERTY MUTUAL INSURANCE COMPANY et al., Appellants. [861 NYS2d 294]—

Order, Supreme Court, New York County (Bernard J. Fried,

J.), entered March 28, 2007, which denied defendants' motion to dismiss the complaint, unanimously modified, on the law, the motion granted to the extent of dismissing the fifth cause of action and all claims within the first, third and fourth causes of action based upon contingent commission agreements, and otherwise affirmed, without costs.

"Contingent commission agreements between brokers and insurers are not illegal, and, in the absence of a special relationship between the parties, defendant[s] had no duty to disclose the existence of the contingent commission agreement" (*Hersch v DeWitt Stern Group, Inc.*, 43 AD3d 644, 645 [2007] [citation omitted]; *see also* Ops Gen Counsel NY Ins Dept No. 05-08-18 [Aug. 2005] ["neither the Insurance Law nor the regulations promulgated thereunder require an insurance broker to disclose to its clients the commission it earns on the policies it places"]). Here, since no special relationship was alleged, claims of common-law fraud, including a breach of fiduciary duty to disclose, as well as unjust enrichment based on defendants' use of contingent commissions or such nondisclosure (as included in the first, third, fourth and fifth causes of action), must fail.

The Attorney General stated valid claims against defendants for their participation in a bid-rigging scheme in violation of the Donnelly Act (General Business Law § 340 [2]). The State has inherent authority to act in a parens patriae capacity when it suffers an injury to a quasi-sovereign interest (*Alfred L. Snapp & Son, Inc. v Puerto Rico ex rel. Barez*, 458 US 592, 601 [1982]) "apart from the interests of particular private parties" (*id.* at 607). Here, the Attorney General sued to redress injury to its "quasi-sovereign interest in securing an honest marketplace for all consumers" (*State of N.Y. by Abrams v General Motors Corp.*, 547 F Supp 703, 707 [SD NY 1982]), free of bid-rigging. Contrary to defendants' contention, this Court's decision in *People v Grasso* (42 AD3d 126 [2007]) does not support a holding that the Attorney General is not empowered to assert the Donnelly Act claims under the facts herein.

Nor are the bid-rigging claims time-barred, since the amended complaint alleges defendants' participation in the bid-rigging scheme within three years of the filing of the action (General Business Law § 342-a). Furthermore, "the Donnelly Act . . . should generally be construed in light of Federal [antitrust] precedent" (*Anheuser-Busch, Inc. v Abrams*, 71 NY2d 327, 335 [1988]), and because bid-rigging is an activity that is inherently one of fraudulent concealment, the statute of limitations should be tolled (*see State of N.Y. v Hendrickson Bros., Inc.*, 840 F2d 1065, 1083 [2d Cir 1988], *cert denied* 488 US 848 [1988]). Since

the bid-rigging scheme was not discovered until October 2004, the claims filed in May 2006 are timely.

Nor did the Donnelly Act bid-rigging claims involve conduct that is regulated by Insurance Law § 2316, which law was not in force and effect between August 3, 2001 and June 25, 2003 (*see* Insurance Law § 2342), when a substantial portion of the bid-rigging activities occurred.

However, the court did err in failing to dismiss in its entirety the fifth cause of action, which alleges breach of fiduciary duty, since, absent a special relationship that does not exist here, an insurance agent or broker owes no common-law duty to its customer other than to obtain the policy requested within a reasonable period of time, or to inform the customer that it could not do so (*see Murphy v Kuhn*, 90 NY2d 266, 270 [1997]).

Therefore, except as stated herein, valid claims are stated by the Attorney General with respect to bid-rigging to sustain the first, second, third and fourth causes of action in the amended complaint.

We have considered defendants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Williams and Renwick, JJ. [*See* 15 Misc 3d 1110(A), 2007 NY Slip Op 50574(U).]