■ SUKEERTI BHATT, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant. [877 NYS2d 562]—

Appeal from an order of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered January 11, 2008. The order, insofar as appealed from, denied the motion of defendant for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover supplemental uninsured/underinsured motorist (SUM) benefits under an automobile insurance policy issued to her by defendant. Under the SUM endorsement, plaintiff was required to give defendant notice of a claim "[a]s soon as practicable." Plaintiff promptly notified defendant of the motor vehicle accident, which occurred on May 22, 2000, and she filed a claim for no-fault benefits on July 20, 2000. On April 7, 2003, plaintiff gave defendant notice of her claim under the SUM endorsement. Defendant disclaimed coverage on the ground that plaintiff failed to provide timely notice of the SUM claim.

We conclude that Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. "[W]here an insured previously gives timely notice of the accident, the carrier must establish that it is prejudiced by a late notice of SUM claim before it may properly disclaim coverage" (*Rekemeyer v State Farm Mut. Auto. Ins. Co.*, 4 NY3d 468, 476 [2005]). Here, it is undisputed that plaintiff timely notified defendant of the accident and, shortly thereafter, filed a claim for no-fault benefits. Defendant failed to establish that it was

prejudiced by plaintiff's delay in providing notice of the SUM claim (*see id.* at 475-476). Present—Hurlbutt, J.P., Peradotto, Carni, Green and Pine, JJ.