[944 NE2d 1120, 919 NYS2d 481]

THE PEOPLE OF THE STATE OF NEW YORK, by ANDREW M. CUOMO, Attorney General of the State of New York, Appellant, v WELLS FARGO INSURANCE SERVICES, INC., et al., Respondents.

Argued January 5, 2011; decided February 17, 2011

## POINTS OF COUNSEL

*Andrew M. Cuomo, Attorney General,* New York City (*Richard Dearing, Barbara D. Underwood* and *Steven Wu* of counsel), for appellant. I. The complaint states a claim for breach of the fiduciary duty of loyalty. (*Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner,* 96 NY2d 300; *People v Coventry First LLC,* 13 NY3d 108; *Fils-Aime v Ryder TRS, Inc.,* 40 AD3d 917; *Hoffend & Sons, Inc. v Rose & Kiernan, Inc.,* 7 NY3d 152; *NWE Corp. v Atomic Risk Mgt. of N.Y., Inc.,* 25 AD3d 349; *Clinchy v Grandview Dairy, Inc.,* 283 NY 39; *Lusenskas v Axelrod,* 81 NY2d 300; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Precision Auto Accessories, Inc. v Utica First Ins. Co.,* 52 AD3d 1198; *Rendeiro v State-Wide Ins. Co.,* 8 AD3d 253.) II. The complaint states a claim under Executive Law § 63 (12). (*State of New York v Rachmani Corp.,* 71 NY2d 718; *People v Federated Radio Corp.,* 244 NY 33; *Guggenheimer v Ginzburg,* 43 NY2d 268; *Matter of Lefkowitz v Bull Inv. Group,* 46 AD2d 25; *People v General Elec. Co.,* 302 AD2d 314; *People v Concert Connection,* 211 AD2d 310; *State of New York v Sonifer Realty Corp.,* 212 AD2d 366; *People v Coventry First LLC,* 52 AD3d 345, 13 NY3d 108; *Joannou v Blue Ridge Ins. Co.,* 289 AD2d 531; *Petitt v Celebrity Cruises, Inc.,* 153 F Supp 2d 240.)

*Alan L. Kildow,* of the Minnesota bar, admitted pro hac vice, *Skadden, Arps, Slate, Meagher & Flom, LLP,* Washington, D.C. (*Richard L. Brusca* and *Amanda M. Raines* of counsel), and *Skadden, Arps, Slate, Meagher & Flom, LLP,* New York City (*Steven R. Glaser* of counsel), for respondents. I. The Appellate Division properly affirmed dismissal of the breach of fiduciary duty claim. (*Murphy v Kuhn,* 90 NY2d 266; *Hersch v DeWitt Stern Group, Inc.,* 43 AD3d 644; *Wender v Gilberg Agency,* 304 AD2d 311, 100 NY2d 507; *Verbert v Garcia,* 63 AD3d 1149; *Bruckmann, Rosser, Sherrill & Co., L.P. v Marsh USA, Inc.,* 65 AD3d 865; *Kimmell v Schaefer,* 89 NY2d 257; *People v Liberty*

*Mut. Ins. Co.*, 52 AD3d 378; *GlobalNet Financial.com, Inc. v Frank Crystal & Co., Inc.*, 449 F3d 377; *Busker on Roof Ltd. Partnership Co. v Warrington*, 283 AD2d 376; *Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 19 AD3d 1056, 7 NY3d 152.) II. The Appellate Division properly affirmed dismissal of the complaint for failure to state a claim under Executive Law § 63 (12). (*People v Condor Pontiac, Cadillac, Buick & GMC Trucks, Inc.*, 2003 NY Slip Op 51082[U]; *Matter of State of New York v Magley*, 105 AD2d 208; *People v 21st Century Leisure Spa Intl.*, 153 Misc 2d 938; *State of New York v Cortelle Corp.*, 38 NY2d 83; *People v H&R Block, Inc.*, 16 Misc 3d 1124[A], 2007 NY Slip Op 51562[U]; *People v Katz*, 84 AD2d 381; *Browning Ave. Realty Corp. v Rubin*, 207 AD2d 263; *People v Lipsitz*, 174 Misc 2d 571; *State of New York v Feldman*, 210 F Supp 2d 294; *People v Apple Health & Sports Clubs*, 206 AD2d 266.)

*Vinson & Elkins L.L.P.*, New York City (*Steven Paradise* of counsel), for Liberty Mutual Insurance Company and others, amici curiae. I. The Attorney General's agency theory is inapplicable in an insurance context. (*Hersch v DeWitt Stern Group, Inc.*, 43 AD3d 644; *People v Liberty Mut. Ins. Co.*, 52 AD3d 378; *Murphy v Kuhn*, 90 NY2d 266; *Bohlinger v Zanger*, 306 NY 228; *Guardian Life Ins. Co. of Am. v Chemical Bank*, 94 NY2d 418; *Aeropulse, Inc. v Armstrong & Brooks, Ltd.*, 740 F Supp 938; *Core-Mark Intl. v Swett & Crawford Inc.*, 71 AD3d 1072; *Kimmell v Schaefer*, 89 NY2d 257; *People v Coventry First LLC*, 13 NY3d 108, 13 NY3d 758; *Rudolph E. Bucci, Inc. v Greater N.Y. Mut. Ins. Co.*, 69 Misc 2d 465.) II. Making a broker a fiduciary with respect to the insured it serves would open a Pandora's box that this Court warned against. (*People v Liberty Mut. Ins. Co.*, 52 AD3d 378; *Hersch v DeWitt Stern Group, Inc.*, 43 AD3d 644; *Meinhard v Salmon*, 249 NY 458; *Murphy v Kuhn*, 90 NY2d 266.)

*Steptoe & Johnson LLP*, New York City (*Sandra E. Cavazos* of counsel), and *Steptoe & Johnson LLP*, Washington, D.C. (*Scott A. Sinder* of counsel), for Council of Insurance Agents and Brokers, amicus curiae. I. The disclosure obligation that the Attorney General seeks to impose violates the well-established statutory canon of construction expressio unius est exclusio alterius. (*Aeropulse, Inc. v Armstrong & Brooks, Ltd.*, 740 F Supp 938; *Pajak v Pajak*, 56 NY2d 394; *National Railroad Passenger Corporation v National Assn. of Railroad Passengers*, 414 US 453; *Botany Worsted Mills v United States*, 278 US 282; *Barnhart v Peabody Coal Co.*, 537 US 149; *United States v Vonn*, 535

US 55; *Chevron US A. Inc. v Echazabal*, 536 US 73.) II. The recently-enacted regulation governing disclosure of producer compensation makes it unnecessary for this Court to reach the fiduciary duty issue. (*People v Coventry First LLC*, 13 NY3d 108.)

### OPINION OF THE COURT

SMITH, J.

We hold that an insurance broker does not have a common-law fiduciary duty to disclose to its customers "incentive" arrangements that the broker has entered into with insurance companies.

I

The Attorney General brought this action against a large insurance brokerage firm now known as Wells Fargo Insurance Services, Inc. The complaint contains four causes of action, alleging that Wells Fargo engaged in "repeated fraudulent or illegal acts" in violation of Executive Law § 63 (12), was unjustly enriched, committed common-law fraud and breached its fiduciary duties.

The complaint alleges the following facts: Insurance brokers, including Wells Fargo, act as agents for organizations and individuals seeking to purchase insurance. Wells Fargo deals with insurance companies on those customers' behalf, obtains quotes from the insurers, and presents them to the customers; and it also offers the customers recommendations about what coverage will best suit their needs. Wells Fargo "often has advised its customers in complex insurance placements where all things are rarely equal, and where subjective decisions must be made among competitors with varying coverages, financial stability, and price." Customers rely on Wells Fargo "to make its recommendations strictly based on the customer's best interest."

The complaint also alleges that Wells Fargo entered into a number of "incentive" arrangements with insurance companies, in which the insurance companies rewarded Wells Fargo for bringing them business. The complaint focuses especially on Wells Fargo's "Millennium Partners Program," in which participating insurers agreed to pay cash compensation to Wells Fargo based on the volume of business that the broker brought to them. It alleges that, as a result of the incentive programs, Wells Fargo "steered" its customers to particular insurance

companies and away from others that did not participate in the programs.

The complaint alleges that the incentive payments were not disclosed to Wells Fargo's customers. It does not allege, however, that Wells Fargo made any affirmative misrepresentations or that any customer suffered demonstrable harm from the incentive arrangements. There is no allegation that any customer was persuaded to buy inferior, or overpriced, insurance in order to help Wells Fargo earn its incentives.

Supreme Court dismissed the complaint with leave to replead (18 Misc 3d 1117[A], 2008 NY Slip Op 50114[U]). The Attorney General chose not to replead, but appealed to the Appellate Division, which affirmed the dismissal (*People v Wells Fargo Ins. Servs., Inc.*, 62 AD3d 404 [2009]). We granted leave to appeal (13 NY3d 717 [2010]), and now affirm.

## II

Though the complaint relies on various legal theories, they can all be boiled down to a claim for breach of fiduciary duty. In the absence of an allegation that Wells Fargo misrepresented any fact to its customers, or that it did anything to cause actual injury to the customers' interests, the case rests on the rule that one acting as a fiduciary in a particular transaction may not receive, in connection with that transaction, undisclosed compensation from persons with whom the principal's interests may be in conflict (*see generally EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19-22 [2005]). The rule is a sound one in general, but we conclude that it does not apply here.

Wells Fargo, relying on *Murphy v Kuhn* (90 NY2d 266 [1997]), asserts that we have already decided the fiduciary duty issue in its favor. We said in *Murphy*:

"Generally, the law is reasonably settled on initial principles that insurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so; however, they have no continuing duty to advise, guide or direct a client to obtain additional coverage" (*id.* at 270).

We agree with the Attorney General that Wells Fargo reads *Murphy* too broadly. *Murphy* did not imply that insurance brokers are exempt from the general rule that an agent owes a duty of loyalty to its principal. Even if it had no duty to give

advice, Wells Fargo clearly could not give advice in bad faith—it could not, for example, advise a customer to buy coverage that Wells Fargo knew to be inferior, in exchange for an under-the-table payment to Wells Fargo from the insurer. But this complaint does not allege that Wells Fargo did anything of that kind. Indeed, the complaint alleges nothing that breached Wells Fargo's duty of loyalty, unless it was a breach of that duty to enter into undisclosed incentive arrangements with insurance companies.

In arguing that it was, the Attorney General relies on three propositions: that an insurance broker is the agent of the insured (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 442 n 3 [1972]); that a principal-agent relationship is, by nature, a fiduciary relationship (*see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 416 [2001]; Restatement [Third] of Agency § 1.01); and that a fiduciary must disclose to its principal any interest in a particular transaction that causes the fiduciary's loyalties to be divided (*Dubbs v Stribling & Assoc.*, 96 NY2d 337, 340-341 [2001]). There is truth in all these propositions, but the relationship between an insurance broker and a purchaser of insurance is not as simple as the Attorney General suggests. A broker is the agent of the insured, but it customarily looks for compensation to the insurer, not the insured, and it is sometimes the insurer's agent also—for example, when collecting premiums. We have thus referred to the broker's "dual agency status" (*Bohlinger v Zanger*, 306 NY 228, 230 [1954]). Indeed, the word "broker" suggests an intermediary—not someone with undivided loyalty to one or the other side of the transaction.

Recognizing the complexity of an insurance broker's role, several Appellate Division cases hold that such a broker need not disclose to its customers contractual arrangements it has made with insurance companies (*People v Liberty Mut. Ins. Co.*, 52 AD3d 378 [1st Dept 2008]; *Hersch v DeWitt Stern Group, Inc.*, 43 AD3d 644, 645 [1st Dept 2007]; *Wender v Gilberg Agency*, 304 AD2d 311 [1st Dept 2003]). We agree that such disclosure is not normally required—and if there are exceptions to that rule, this case does not present one. The complaint does not allege that anything Wells Fargo did was contrary to industry custom; indeed, the parties seem to agree that arrangements like those the Attorney General complains of have been commonplace, and have not generally been disclosed.

This nondisclosure may be a bad practice. Indeed, it is prohibited by a recently adopted regulation of the Insurance

Department, but that regulation did not exist at the time of the conduct at issue here (see 11 NYCRR 30.3 [a] [2] [eff Jan. 1, 2011] [requiring disclosure to a purchaser of insurance if a broker "will receive compensation from the selling insurer . . . based in whole or in part on the insurance contract" that the broker sells]). A regulation, prospective in effect, is a much better way of ending a questionable but common practice than what the Attorney General asks us to do here: in substance to outlaw the practice retroactively by creating a new common-law rule.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge LIPPMAN and Judges CIPARICK, READ, PIGOTT and JONES concur; Judge GRAFFEO taking no part.

Order affirmed, with costs.