(October 13, 2011)

■ WILLIAM WALDRON et al., Appellants, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY et al., Respondents. [930 NYS2d 687]—

Lahtinen, J.

This case involves a dispute as to whether plaintiff Alexandra

Waldron is entitled to coverage under the $300,000 supplementary uninsured/underinsured motorists (hereinafter SUM) provision of the insurance contract that her father, plaintiff William Waldron, purchased from defendant New York Central Mutual Fire Insurance Company (hereinafter NYCM) through defendant Knox Insurance Agency, Inc. On February 24, 2003, Alexandra Waldron, a 22-year-old college student who had not been listed as a member of the household on the insurance policy, sustained serious injuries while in Florida when the motorcycle on which she was a passenger was struck by an automobile that crossed into the motorcycle's lane. Two months later, in late April 2003, William Waldron first advised Knox of the accident, but he indicated to Knox that he did not want to file a claim with NYCM at that time. In mid-July 2004, William Waldron told Knox to file a claim with NYCM. Shortly thereafter, NYCM denied coverage on various grounds, including that notice of the claim was untimely and that Alexandra Waldron was not an insured under the policy. Plaintiffs commenced this action seeking a declaratory judgment that Alexandra Waldron was entitled to SUM coverage, as well as asserting, among other things, negligence and breach of contract causes of action against defendants. Following discovery, all parties moved for summary judgment. Supreme Court denied plaintiffs' motion, granted defendants' motions, dismissed the complaint and declared that NYCM was not obligated to provide SUM coverage for the accident. Plaintiffs appeal.*

Historically, New York adhered to the position that "an insurer that does not receive timely notice in accordance with a policy provision may disclaim coverage, whether it is prejudiced by the delay or not" (*Briggs Ave. LLC v Insurance Corp. of Hannover*, 11 NY3d 377, 381-382 [2008]; *see Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]). Recent legislation amended the Insurance Law, which now requires an insurer to show prejudice (*see* Insurance Law § 3420 [a] [5], as added by L 2008, ch 388, § 2 [eff Jan. 17, 2009]). The new statutory language does not, however, apply in the current case as the pertinent policy was issued before the effective date of the statute (*see Board of Mgrs. of the 1235 Park Condominium v Clermont Specialty Mgrs., Ltd.*, 68 AD3d 496, 497 [2009]). Nonetheless, even prior to the statutory amendment, when an insurer received notice of an accident in a timely fashion, the insurer

---

* Plaintiffs focus solely in their appellate brief upon NYCM's potential liability to them, and we accordingly deem any issues regarding Supreme Court's grant of summary judgment to Knox and defendant Paul Knox to be abandoned (*see Gray v R.L. Best Co.*, 78 AD3d 1346, 1348 n 2 [2010]).

could not properly disclaim a late SUM claim absent a showing of prejudice (*see Rekemeyer v State Farm Mut. Auto. Ins. Co.*, 4 NY3d 468, 476 [2005]; *see also Matter of Brandon [Nationwide Mut. Ins. Co.]*, 97 NY2d 491, 498 [2002]; *Bhatt v Nationwide Mut. Ins. Co.*, 61 AD3d 1406, 1406-1407 [2009]).

We address first whether William Waldron's communication with Knox in late April 2003 constituted timely notice of the accident to NYCM. The relationships of a purchaser of insurance, an agent or broker, and an insurance company are not always easily categorized (*see People v Wells Fargo Ins. Servs., Inc.*, 16 NY3d 166, 171 [2011]). Generally, notice to an insurance broker is not necessarily considered notice to the carrier (*see Board of Hudson Riv.-Black Riv. Regulating Dist. v Praetorian Ins. Co.*, 56 AD3d 929, 930 [2008]; *but cf. Travelers Ins. Co. v Raulli & Sons, Inc.*, 21 AD3d 1299, 1300 [2005]), whereas notice to an agent of the insurer typically constitutes notice to the insurer (*see* Insurance Law § 3420 [a] [3]; *D. C. G. Trucking Corp. v Zurich Ins. Co.*, 81 AD2d 990, 991 [1981], *lv denied* 54 NY2d 605 [1981]). The proof in the record established that Knox was an agent of NYCM.

NYCM's policy required that notice of the accident be given as soon as reasonably practicable, but in no event more than 30 days after the accident, absent proof providing justification for the delay. William Waldron's first communication with Knox was two months after the accident and, thus, beyond the 30-day limit in the policy. However, it is undisputed that his daughter had sustained very serious injuries in the accident and that he had immediately left New York to be with his daughter in Florida. Even two months after the accident when he notified Knox, his daughter was still hospitalized and there was continuing concern that she might lose a leg as a result of her injuries. Although William Waldron indicated to Knox—ostensibly because of concern of a premium increase—not to file a claim with NYCM, the agency relationship between Knox and NYCM resulted in the notice to Knox constituting notice to NYCM. In addition to verbal communication with Knox about the accident, William Waldron also provided a police accident report of the accident to Knox. The evidence is sufficient to raise a factual issue as to whether the delay of about one month beyond the 30-day notice requirement was sufficiently justified under the circumstances.

With regard to the SUM claim, the policy required notice of a SUM claim "as soon as practicable," which in the SUM context means "with reasonable promptness after the insured knew or should reasonably have known that the tortfeasor was underin-

sured [or uninsured]" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 495 [1999]; *see Rekemeyer v State Farm Mut. Auto. Ins. Co.*, 4 NY3d at 474; *Matter of State Farm Mut. Auto. Ins. Co. [Jackson]*, 6 AD3d 1029, 1030 [2004]). Here, the police accident report provided to Knox by William Waldron two months after the accident left blank the section for driver's insurance. Even if this did not constitute notice of a potential SUM claim, NYCM failed to establish that the July 2004 notice of a SUM claim was untimely as a matter of law. NYCM did not submit proof addressing whether it was prejudiced by the delay and, in the event the factual issue about the timeliness of the initial notice of the accident is resolved favorably to plaintiffs, NYCM will be required to show prejudice (*see Rekemeyer v State Farm Mut. Auto. Ins. Co.*, 4 NY3d at 476).

Lastly, we are unpersuaded by NYCM's argument that plaintiffs have failed to raise an issue of fact as to whether Alexandra Waldron was a resident of her parents' household at the time of the accident. Although she was renting an apartment off campus while attending college, the record reflects that she maintained a bedroom in her parents' house, where she kept clothing, visited on weekends and lived on school holidays and semester breaks. Moreover, her college considered her parents' address to be her permanent one and she retained her parents' address for voting and tax purposes (*see Konstantinou v Phoenix Ins. Co.*, 74 AD3d 1850, 1851 [2010], *lv denied* 15 NY3d 712 [2010]; *Dutkanych v United States Fid. & Guar. Co.*, 252 AD2d 537, 538 [1998]).

Peters, J.P., Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the amended order and judgment is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant New York Central Mutual Fire Insurance Company for summary judgment dismissing the complaint against it and declared that said defendant is not obligated to provide supplementary uninsured/underinsured motorist coverage for the claim arising out of the February 24, 2003 motor vehicle accident; said motion denied; and, as so modified, affirmed.