■ CONSOLIDATED BUS TRANSIT, INC., et al., Appellants, v TREIBER GROUP, LLC, et al., Respondents. [948 NYS2d 679]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging breach of fiduciary duty. The defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence establishing that they did not have a special relationship with the plaintiffs giving rise to a fiduciary duty (see Murphy v Kuhn, 90 NY2d 266, 270 [1997]; Pike v New York Life Ins. Co., 72 AD3d 1043 [2010]; People v Liberty Mut. Ins. Co., 52 AD3d 378, 380 [2008]; Sutton Park Dev. Corp. Trading Co. v Guerin & Guerin Agency, 297 AD2d 430, 432 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismiss-

ing the causes of action alleging fraud and fraudulent concealment. "The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (*Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2010]; *see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *High Tides, LLC v DeMichele*, 88 AD3d 954, 957 [2011]). " '[R]epresentation of opinion or a prediction of something which is hoped or expected to occur in the future will not sustain an action for fraud' " (*Platus Corp. Pension Plan v Nazareth*, 271 AD2d 422, 423 [2000] [some internal quotation marks omitted], quoting *Landes v Sullivan*, 235 AD2d 657, 659 [1997]). A cause of action to recover damages for fraudulent concealment requires, in addition to scienter, reliance, and damages, a showing that there was a fiduciary or confidential relationship between the parties which would impose a duty upon the defendant to disclose material information and that the defendant failed to do so (*see High Tides, LLC v DeMichele*, 88 AD3d at 957; *Manti's Transp., Inc. v C.T. Lines, Inc.*, 68 AD3d 937 [2009]; *Barrett v Freifeld*, 64 AD3d 736, 738 [2009]).

Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the fraud cause of action by submitting evidence establishing that their statements regarding the financial stability of a trust constituted opinion. In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact. The defendants also demonstrated their prima facie entitlement to judgment as a matter of law dismissing the fraudulent concealment cause of action by demonstrating that there was no fiduciary or confidential relationship between the parties that would impose a duty upon the defendants to disclose material information. In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit. Angiolillo, J.P., Lott, Roman and Miller, JJ., concur.