■ KENNETH H. ROSIER et al., Appellants, v JOSEPH STOECKELER SR., Respondent. (Action No. 1.) JOSEPH P. STOECKELER SR., Appellant, v C.S. BENSON & SONS, INC., Defendant, AMERICAN WESTERN HOME INSURANCE COMPANY, Respondent, and KENNETH H. ROSIER et al., Appellants. (Action No. 2.) [957 NYS2d 742]—

Lahtinen, J.

In action No. 1, the Rosiers moved for summary judgment on the issue of liability in their Labor Law § 240 cause of action. In action No. 2, Stoeckeler sought, in separate motions, a default judgment against Benson and summary judgment against American Western. American Western cross-moved for summary judgment declaring that it was not obligated to defend or indemnify and for dismissal of action No. 2 as to it. Supreme Court found factual issues as to the Rosiers' Labor Law § 240 cause of action and, thus, denied their motion for summary judgment in action No. 1. In action No. 2, Supreme Court granted Stoeckeler's unopposed motion for a default judgment against Benson. However, finding that the notice given to American Western was late as a matter of law, it granted American Western's cross motion for summary judgment and dismissed the complaint against it. The Rosiers and Stoeckeler appeal.

We turn first to the Rosiers' contention that Supreme Court erred in denying their motion for summary judgment as to Labor Law § 240 in action No. 1. Not every fall from a ladder

establishes that the ladder did not provide appropriate protection (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 288-289 [2003]; *Beardslee v Cornell Univ.*, 72 AD3d 1371, 1372 [2010]). A prima facie case is established by proof that the ladder collapsed, slipped or otherwise failed, and this shifts the burden to defendant to produce " 'evidence that the device furnished was adequate and properly placed and that the conduct of the plaintiff may be the sole proximate cause of his . . . injuries' " (*Georgia v Urbanski*, 84 AD3d 1569, 1569 [2011], quoting *Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d 1187, 1188 [2007]). Although Rosier submitted an affidavit indicating that his fall occurred when the ladder "shifted and began tipping," defendant countered by producing deposition testimony of Rosier in which he testified that he simply lost his balance and that he did not know what caused him to lose his balance. He further testified at his deposition that the ladder was in good condition, he had no problems with it, and he had used this same type of ladder many times while performing similar jobs. There is conflicting proof in the record as to whether Rosier fell on the floor of the garage or into the garage pit, and it is not clear from his deposition the role, if any, his handling of a door section had in his fall (*cf. McGill v Qudsi*, 91 AD3d 1241, 1242-1243 [2012], *lv dismissed* 19 NY3d 1013 [2012]). Construing this proof most favorably to the nonmovant and further noting that an unexplained conflict between deposition testimony and a subsequent submission by the deposed party generally will not support summary judgment (*see Natale v Woodcock*, 35 AD3d 1128, 1129 [2006]; *Stover v Robilotto*, 277 AD2d 801, 804 n [2000], *affd* 97 NY2d 9 [2001]), we agree with Supreme Court that factual issues for trial exist on the Labor Law § 240 cause of action.

Next, we consider whether American Western was properly granted summary judgment. "Where a policy of liability insurance requires that notice of an occurrence be given 'as soon as practicable,' such notice must be accorded the carrier within a reasonable period of time" (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *see Briggs Ave. LLC v Insurance Corp. of Hannover*, 11 NY3d 377, 381-382 [2008]). Although recent legislation requires that a disclaiming insurer also show prejudice, it is undisputed that the policy in question predated the effective date of such legislation and thus American Western was not required to show prejudice (*see Waldron v New York Cent. Mut. Fire Ins. Co.*, 88 AD3d 1053, 1054 [2011]). Further, notice of a claim or a potential claim provided by an insured only to the insured's broker, and not to the carrier or its agent, generally is not considered sufficient notice to the car-

rier (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 442 n 3 [1972]; *Waldron v New York Cent. Mut. Fire Ins. Co.*, 88 AD3d at 1054).

Here, the policy made clear that notice was to be given to American Western or its agent, LoVullo Associates. Benson was a broker and not an agent of American Western or otherwise authorized in any way to receive notice for American Western. Although Stoeckeler apparently promptly forwarded the October 2008 letter from the Rosiers' attorneys as well as the February 2009 summons and complaint to Benson, there is nothing in the record indicating that American Western had any notice of the incident until June 1, 2009. Under such circumstances, we are constrained to conclude that Supreme Court properly determined that the delay in giving notice to American Western was unreasonable as a matter of law (*see e.g. Tower Ins. Co. of N.Y. v Classon Hgts., LLC*, 82 AD3d 632, 634 [2011]; *Juvenex Ltd. v Burlington Ins. Co.*, 63 AD3d 554, 554 [2009]; *Whitney M. Young, Jr. Health Ctr. v New York State Dept. of Ins., Liquidation Bur.*, 152 AD2d 835, 836-837 [1989]).

Mercure, J.P., Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.